### STATE vs. SAMUEL THAWLEY.

Dying declarations; when admissible.
The state of the deceased's health at the time of the injury, is evidence.
His character as a violent man, is not evidence.

Kent, April term, 1845.   Indictment, murder of Waitman Vickery.

The deceased lived about nine days after receiving a blow on the head from the defendant.   On the day he was struck, and every day afterwards, until he became insensible, he said he should die.   His declarations as to the cause and extent of the injury were offered and objected to, as not being made under the perfect conviction of a dying state; and as not being competent to prove that the blow was the cause of death.

*The Court*, (*Milligan* dissenting,) admitted these declarations as dying declarations; though they said that as to the wound being the cause of the death; and also as to the condition of the deceased at the time of the declarations, they would be open to remark before the jury, in connection with general evidence of his intemperate habits, and low state of health.   (*Ros. Ev.* 32; *Mosely's Case*, 1 *Moo. Cr. Ca.* 97, *a.*)

The defence set up was, that the blow was struck in self-defence; and a witness was asked whether the deceased was not a violent man, and in the habit of attacking others with dangerous weapons?

It was objected that the character of the deceased was not in issue, and, after argument—

*The Court*, (*Harrington* dubitante) rejected the evidence.

Booth, *Chief Justice.*—The testimony offered is the general character of the deceased as a violent man.   From the fact, that we cannot find any case in the books, where this evidence has been admitted, nor any principle which would admit it, we feel constrained to reject the evidence.   We do not see how the character of the deceased as a quarrelsome or fighting man is in issue.   The question is, guilty, or not guilty of murder.   The homicide being made out, it lies on the defendant to reduce the offence below the grade of murder, and he must do this by evidence of facts, and not by the mere general bad character of the deceased.   If such evidence is admissible it would follow that the character of the prisoner as a peaceable or violent man must be admissible, for it is certainly as important to know his character as that of the deceased.   Yet, it is

perfectly well settled that the defendant's character cannot be inquired into, unless he puts it in issue.

Judge Harrington's doubt arose from the fact, that in four cases within his knowledge, this evidence had been admitted without objection, viz., State *vs*. Cochlan, Elason, Saul Thompson, and Prince Tilghman. He thought it might possibly come within the reason of the principle, that " in particular cases where the character of the prosecutor is mingled with the transaction in question, it forms a point material to the issue, and may consequently be inquired into." (*Ros. Ev.* 88.)

The defendant was acquitted.